[No. 3,465.]

## A. C. HAWKINS *v.* AMOS ROBERTS.

INCONSISTENT POSITIONS IN REPLEVIN.—The plaintiff in replevin cannot, in his complaint, for the purpose of enabling him to sue in replevin, aver that the defendant is in possession of the property, and then on the trial recover judgment against him on the ground that he was not in possession.

APPEAL from the District Court of the Seventh Judicial District, County of Solano.

Action to recover possession of personal property. The plaintiff alleged in his complaint that on the 13th day of August, 1869, he owned and possessed the property, and that on the same day the defendant took the same from him, and that he demanded possession on the 25th day of August, 1869, and the defendant refused to deliver the same. Judgment was asked for the recovery of possession, or if delivery could not be had, then for the value.

In the Fall of 1869 the plaintiff purchased the property from one Wise, the consideration being the assumption by the plaintiff of certain debts of Wise, for which the property had been attached. The property was released from the attachment and returned to Wise, in whose possession it remained for some time, when the defendant, who was Sheriff of Solano County, levied on it by virtue of attachments issued in suits against Wise, and took it from Wise's possession.

The defendant first made one Dustan his keeper, afterwards one Simpson, and when Simpson had retained the property about eight weeks, made Wise his keeper. The writ of replevin issued in this case was placed in the Coroner's hands, who took the property from Wise. The defendant justified under the attachments, and asked judgment for a return of the property or its value. On the trial in the Court below, the Court, at plaintiff's request, instructed the jury as follows:

"Under our statute a levy of attachment on personal property capable of manual delivery must be made by taking the property into custody. If the creditor permits property levied upon to remain in the hands of the debtor, his levy cannot operate to defeat the rights of the true owner thereof.

"If the jury find that there was an actual sale of the property in suit made by Wise to Hawkins, and that the

Sheriff, after levying the attachment against Wise, permitted the property to remain in the custody, or that he returned the same to the custody of Wise, then the said attachment did not affect the rights of Hawkins, and he had the right to take the same, even though the property had never been delivered to him, and the possession thereof had never been changed."

It will thus be seen that the theory on which the case was tried was, that the Sheriff had not possession of the property, but had permitted the defendant in the attachment to retain it, and that, therefore, the levy was void. This was in contradiction of the complaint, which averred that the Sheriff had possession.

The plaintiff recovered judgment, and the defendant appealed.

*William S. Wells, J. M. Coghlan,* and *Joseph M. Kenna,* for Appellant.

The plaintiff, in his complaint, alleged that the defendant was in the possession of the property at the time of the commencement of this action, and he is estopped to contradict it in his evidence.

To sustain the plaintiff's action, the defendant must have been in possession at the time suit was brought, and the affidavit upon which the writ of replevin was issued must have shown this. The plaintiff cannot assert defendant's possession for the purpose of bringing the suit, and causing process to issue requiring an officer of the law to take the property as from defendant's possession; deny that possession for the purpose of obtaining a judgment to compel the defendant to deliver property to him that he has not; then reassert defendant's possession to enforce the judgment.

*W. W. Pendegast* and *L. C. Hays*, for Respondent.

After the service of the attachments the Sheriff delivered the property to Wise and made him his keeper. Under these circumstances a subsequent attaching creditor could have seized the property. But it is contended by the appellant that the complaint in this case proceeds upon the theory that Roberts was in possession of the property. Admit it, and they ask, how can you recover on the allegation of our possession when your proof is that we were not in possession? There is no inconsistency whatever. We found Mr. Wise on a certain day in possession of our personal property, which we wanted and demanded. Mr. Wise said Mr. Roberts has some sort of claim to this property, and has asked me to keep it for him. We sue Mr. Roberts for the recovery of the property. He replies that he is the Sheriff of Solano County, and only claims to hold our property by virtue of certain writs running against the property of Wise. We come now and show that his pretended levy is illegal and utterly void, and ask to take our own. We are not dealing with Mr. Roberts as Sheriff of Solano County, but as an individual.

By the COURT:

It may be that if after a levy of a writ of attachment upon personal property by taking it into possession the officer permit the defendant in attachment to resume its possession, the levy would be thereby defeated as against execution or attachment creditors subsequently levying thereon, or against a subsequent purchaser from the defendant in attachment, who, upon such purchase, takes the possession thereof. The cases of *Dutertre* v. *Driard*, 7 Cal. 549, and *Sanford* v. *Boring*, 12 id. 539, assert that principle. But the question in

those cases arose between the creditors claiming under the first attachment, upon which the possession had been relinquished, and subsequent attachment or execution creditors, who had caused it to be seized after its possession under the former attachments had been lost. In this case, however, the contest arises between a prior vendee of the defendant in attachment, who did not take the possession, and the Sheriff, who, finding the goods still in the possession of the plaintiff's vendor, levied an attachment thereon, and kept possession thereunder for several weeks, and then permitted the property to go back into the hands of the plaintiff's vendor, as the Sheriff's keeper. The only question made against the validity of the Sheriff's levy is that he did not keep the possession of the property.

But, whether he had kept a continuous possession or not, the case of the plaintiff concedes that at and before the time of bringing the action the Sheriff was in the actual possession of the property, and had refused to deliver it to the plaintiff, upon demand made upon him for that purpose. If the defendant was in possession, as alleged in the complaint, then the attachment under which he justified was a defense to the action—if he was not in possession, then the action of replevin in the detinet cannot be supported against him. The plaintiff cannot treat him as in possession for the purpose of suing him, and then recover a judgment against him on the ground that after all he was not in possession.

. Judgment and order denying new trial reversed, and cause remanded for a new trial.