[No. 11653.    Department One. — May 20, 1887.]

JOHN J. PALMER ET AL., RESPONDENTS, v. BRYANT HOWARD, APPELLANT.

EXECUTORY CONTRACT OF SALE — INTENTION — PASSING OF TITLE — LIEN FOR PRICE. — Whether a contract is an executory contract of sale, — in other words, whether the title passes, — is a question of intention, to be collected from the whole contract. If from the whole contract it appears that the intention was that the title should pass, and that the vendor should retain a mere lien for the price, any different characterization or naming of the transaction by the parties is not to be regarded.

ID. — REPOSSESSION BY VENDOR — SALE BY — PAYMENT OF SURPLUS TO VENDEE. — The provision that in case of non-payment the vendors could retake possession, and if they did, that they should sell "to the best advantage, *rendering to the borrower all surplus*, if any, after paying the price agreed upon, and the expenses of removal and sale": *held*, to show, in connection with other features, that the title passed, and that the parties attempted to reserve a mere lien for the price.

ID. — RESERVATION OF MORTGAGE LIEN TO VENDOR. — Such a lien, to be valid as against third persons, must conform to the requirements of the law as to mortgages of personal property.

| 72 | 293 |
|---|---|
| 90 | 168 |
| 72 | 293 |
| 109 | 557 |
| 72 | 293 |
| 112 | 242 |
| 72 | 293 |
| 117 | 138 |
| 72 | 293 |
| 122 | 551 |
| 123 | 477 |
| 72 | 293 |
| 126 | 106 |
| 126 | 107 |
| 72 | 293 |
| f127 | 297 |
| 72 | 293 |
| 129 | 95 |

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.

Action for the claim and delivery of certain printing materials. The further facts are stated in the opinion.

*Levi Chase*, for Appellant, cited *Hart* v. *Barney*, 7 Fed. Rep. 553; *Heryford* v. *Davis*, 102 U. S. 235; *Harkness* v. *Russell*, 7 Sup. Ct. Rep. 51.

*W. J. Hunsaker*, for Respondents.

HAYNE, C. — The plaintiff delivered to one St. Clair and wife certain personal property, under a writing, of which the following is a copy: —

"SAN FRANCISCO, March 26, 1885.

"D. PARKER ST. CLAIR AND WIFE, San Diego, Cal.: — Borrowed and received of Palmer and Rey, 405–407 Sansome Street, San Francisco, the following articles in good order. If the price set against them is paid, as per memorandum below, the property is then to belong to said borrower; otherwise it remains the property of Palmer and Rey. Notes and drafts, or renewals of the same, if given, are not to be considered payment until they are paid. In the mean time the borrower is to keep the property in good order, and agrees to pay the price as per memorandum below, keep the property sufficiently insured for the benefit of the said Palmer and Rey, depositing the policy of insurance with them, and may use the property free from any other charge.

"Said property is not to be removed from lot L, in block thirty-six (36) in the city of San Diego, Cal., without the written consent of Palmer and Rey. Should said borrower fail to meet any of the payments at the time specified, or to keep the property satisfactorily insured or in good order, then Palmer and Rey may take the said articles and dispose of them to the best advantage, ren-

dering to said borrower all surplus, if any, after paying the price agreed upon and the expenses of removal and sale."

Then follows a list of the articles, and a specification of the installments of the price, amounting in all to $2,295.45.

The St. Clairs paid but one installment of the price, and did not keep the property insured, but mortgaged the same to the defendant for $925, and subsequently left for parts unknown.

The question is as to the effect of the agreement quoted.

It is settled in this state that even *bona fide* purchasers from the person to whom personal property is delivered under an executory contract of sale get no valid claim to the property. (*Kohler* v. *Hayes*, 41 Cal. 455; *Hegler* v. *Eddy*, 53 Cal. 598.) This is in accordance with the great preponderance of authority elsewhere. (*Harkness* v. *Russell*, 7 Sup. Ct. Rep. 51.) The reason is, that in such cases the title to the property does not pass, and the maxim, *Nemo plus juris*, etc., applies.

But in applying this rule, it must be remembered, in general, that the policy of the law is against upholding secret liens and charges to the injury of innocent purchasers or encumbrancers for value, and in particular, that mortgages of personal property are permitted only in certain specified cases, and then only upon the observance of certain formalities, designed to insure good faith, and to give notice to the world of the character of the transaction. These provisions as to mortgages cannot be evaded by any mere shuffling of words. Where it is clear from the whole transaction that for all practical purposes the ownership of property was intended to be transferred, and that the seller only intended to reserve a security for the price, any characterization of the transaction by the parties, or any mere denial of its legal effect, will not be regarded. The question, it is true, is

one of intention; but the intention must be collected from the whole transaction, and not from any particular feature of it.

In the present case it seems to us that the intention must be taken to have been to transfer the ownership of the property, reserving a security for the price, and nothing more. The possession was delivered. The promise to pay was absolute. (*Hart* v. *Barney & Co.*, 7 Fed. Rep. 553.) If Palmer and Rey, on reselling the property, had sued the St. Clairs for the difference between the agreed price and what the property brought on the resale, we see no defense the latter could have made. Moreover, Palmer and Rey were *bound* to resell the property if they repossessed themselves of it. They could not have kept it as an owner; and not only so, but they were bound to resell for the benefit of the St. Clairs. The provision is, that if they retake they shall sell " to the best advantage, *rendering to said borrower all surplus, if any, after paying the price agreed upon and the expenses of removal and sale.*" This is not a feature of an executory contract of sale. It is the chief characteristic of a mortgage, and is the very sum and substance of proceedings for foreclosure. In a controversy between debtor and creditor as to whether a transaction was a mortgage or a sale, such a stipulation would be conclusive that it was a mortgage. Why should it have a different import in this case?

We think, therefore, that the intention was to vest the substantial ownership in the St. Clairs, and that the sole object of the seller was to secure payment of the price; and this intention appears from the provisions of the contract itself. Such being the case, the statement that the property " remains the property of Palmer and Rey," etc., is inconsistent with the nature of the transaction, as shown by the contract itself, and is a mere disguise for the purpose of evading the requirements of the law as to mortgages of personal property. To sustain the position of respondent would be, in effect, to add to the

chapter on mortgages a provision that in every case where personal property is sold the seller may take a mortgage thereon for the price, and that, too, without the affidavit and recording which are required in the cases where such mortgages are allowed.

This conclusion is not in contravention of the cases cited by respondent. For in none of them, except perhaps a case from an inferior court of New York (21 Barb. 581), did the provision above referred to exist. On the other hand, it is in accordance with the decision of the Supreme Court of the United States in *Heryford* v. *Davis,* 102 U. S. 235, which was not in reference to any local law. That court maintains to its fullest extent the rule as to conditional sales which prevails in this state. (*Harkness* v. *Russell*, 7 Sup. Ct. Rep. 51.) But it held that the features above adverted to took the case before it out of the general rule.

For these reasons, we advise that the judgment and order be reversed, and the cause remanded for a new trial.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, and cause remanded for a new trial.

Hearing in Bank denied.