[No. 14378.   In Bank. — March 28, 1892.]

GIACOMO RICIOTTO, Respondent, v. H. S. CLEMENT, Appellant.

Claim and Delivery — Goods Sold under Execution. — An action of claim and delivery will not lie against a constable who has sold the goods under execution and parted with the possession of them before the commencement of the action.

Id. — Action Distinguished from Trover — Present Possession. — In what is called trover, present possession of the property is immaterial, but the relief sought in claim and delivery cannot be had from the defendant unless he is then possessed of the property, which fact constitutes an essential element in the cause of action.

Id. — Statutory Remedy — Wrongful Detention. — Claim and delivery is a statutory remedy provided to enable one to recover the possession of personal property wrongfully detained, with an alternative remedy if possession cannot be had.

Id. — Pleading — Recovery for Conversion — Amendment. — There can be no proper recovery for a conversion upon a complaint stating a cause of action in claim and delivery; though perhaps if it were found, after suit brought, that the defendant had wrongfully disposed of the property before suit, the plaintiff might be allowed to amend, so as to claim damages for a wrongful taking or conversion.

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Henry Bleecker*, for Appellant.

Smith was empowered to sell the horses and had possession of them, and they were known to the world as his. The defendant's possession under the writ was lawful, and a demand was necessary to render it tortious. (See Cobbey on Replevin, sec. 499.) The defendant must be in actual or constructive possession of the property at the time of the commencement of an action of

replevin. (Cobbey on Replevin, secs. 61, 62, and cases cited; *Davis* v. *Van de Mark*, 45 Kan. 130; *Aber* v. *Bratton*, 60 Mich. 357; *Feder* v. *Abrahams*, 28 Mo. App. 454; *Pranke* v. *Herman*, 76 Wis. 428.)

*Shinn & Ling*, and *P. E. King*, for Respondent.

TEMPLE, C. — Appeal from judgment and order refusing a new trial.

This is an action of claim and delivery to recover possession of two horses, which plaintiff alleges defendant "still unlawfully withholds and detains."

The pleadings were verified, and the defendant, in his answer, denies that he "unlawfully withholds or detains or detained said goods and chattels." For a further and separate defense he admits the taking, and attempts to justify, as constable, under a writ of attachment against one Smith, as whose property they were taken. He avers that judgment passed against Smith in the attachment suit, and the goods were taken by him as constable, under an execution issued upon the judgment, and were sold by virtue of the writ, June 6, 1889. This suit was commenced June 19, 1889, which was after the goods had passed out of the possession of defendant.

The plaintiff, testifying on the trial, states, in effect, that the goods had been sold and delivered before suit was commenced; but his attorney here contends that as the answer admits that defendant still detains the goods, such evidence cannot be noticed.

But, as we have seen, the defendant shows in the affirmative allegations that he had taken the goods under an execution, and had sold them June 6, 1889, which was thirteen days before the commencement of this action. The evidence came in without objection, — was in fact put in by plaintiff himself. Does it show that he had no cause of action?

In the code the action is called "an action to recover the possession of personal property." (Code Civ. Proc., sec. 509), and the provisional remedy, provided with all

the machinery and procedure, imply that it is to recover property from the defendant which he unjustly detains. The facts which constitute the plaintiff's cause of action certainly are those which show that plaintiff is entitled to possession, and that defendant wrongfully withholds the property from him.

Quite often the plaintiff may choose whether he will content himself with damages for the conversion, or seek to recover the specific property; but the two remedies are quite distinct. In what is called trover, present possession of the property is immaterial, but the relief sought in claim and delivery cannot be had from the defendant, unless he is *then* possessed of the property, which fact must therefore constitute an essential element in plaintiff's cause of action.

A different conclusion has been reached by the courts in some states by identifying the action with the common-law actions of replevin or detinue. But there is no ground for this. It is a statutory remedy provided to enable one to recover the possession of personal property wrongfully detained, with an alternate remedy if possession cannot be had. In *Washburn* v. *Huntington*, 78 Cal. 573, this court held that the alternate judgment for value could not be entered, unless it is found that plaintiff is entitled to recover the property. Could he be entitled to recover the property upon a showing that at the time suit was commenced defendant did not have the possession?

In New York the decisions have varied. Perhaps it may be considered now to be the law in that state that the action will lie, although defendant was not in possession at the time the action was commenced. That view is presented in *Nichols* v. *Michael*, 23 N. Y. 264, 80 Am. Dec. 259, and in *Ellis* v. *Lersner*, 48 Barb. 546. They seem to be based entirely upon the analogies of the common-law actions.

The contrary is maintained in Missouri (*Feder* v. *Abrahams*, 28 Mo. App. 454); in Iowa (*Coffin* v. *Gephart*, 18 Iowa, 257); in North Carolina (*Haughton* v. *Newberry*,

69 N. C. 456); in Massachusetts (*Hall* v. *White*, 106 Mass. 599); and in Michigan (*Aber* v. *Bratton*, 60 Mich. 357.)

Perhaps the question has not been directly passed upon in this state, but in *Hawkins* v. *Roberts*, 45 Cal. 38, it is said: " If he [the defendant] was not in possession, then the action of replevin in the *detinet* cannot be supported against him." If the action of claim and delivery can be said to be an action of replevin, it must be in the *detinet*, and not in the *cepit*. At all events, if it was such in that case, it must be so here. Perhaps if it were found, after suit brought, that the defendant had wrongfully disposed of the property before the commencement of the action, plaintiff might be allowed to amend, so as to claim damages for a wrongful taking or conversion. Permission to do this was not asked in this case. If the complaint must contain a logical statement of plaintiff's cause of action, this complaint does not justify recovery for a conversion, and the judgment should be. reversed.

It is not necessary to consider the other points raised.

We therefore advise that the judgment and order be reversed.

Foote, C., and Belcher, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the judgment and order are reversed.