[L. A. No. 854.    Department One. — July 24, 1901.]

## CHARLES B. RICHARDS et al., Appellants, v. CHARLES E. MOREY, Respondent.

ACTION FOR POSSESSION OF PERSONAL PROPERTY — AFFIXING HOUSE TO LAND OF THIRD PERSON. — An action will not lie to recover possession of a house which had been wrongfully removed by the defendant, but which at the time of the commencement of the action was affixed to the land of a third person, and in such third person's possession.

ID. — OCCUPANCY BY DEFENDANT. — The fact that at the time of the commencement of the action the house was occupied by the defendant did not give him the possession thereof necessary to sustain such action.

ID. — POSSESSION BY DEFENDANT. — An action to recover possession of personal property will not lie if at the time the action is commenced the defendant has not the possession, or the power to deliver it in satisfaction of the judgment for its possession.

APPEAL from a judgment of the Superior Court of San Diego County.    E. S. Torrance, Judge.

The facts are stated in the opinion.

Withington & Carter, for Appellants.

N. H. Conklin, and M. L. Rawson, for Respondent.

HAYNES, C. — Action to recover possession of personal property. The plaintiffs had judgment for certain pipe, hydrants, tools, etc., of the value of $845.20, but their claim for the recovery of certain buildings was denied, and from that portion of the judgment they appeal, upon the judgment roll. The evidence is not brought up by bill of exceptions or otherwise. The only question is, whether the plaintiffs were entitled to judgment upon the facts stated in the sixth finding, which is as follows: —

" 6. That the house known as the engineer's house, and which is of the value of $200, and building known as the storage-house, and which is of the value of $75, and the long shed mentioned in the complaint, which is of the value of $35, were formerly attached to and part of the ranch known as the Monte Vista Ranch, being plat ' E ' of the Rancho Jamacha, in said county, and was the property of the plaintiffs; that the defendant, against the will of the plaintiffs, and without their consent, took the same and removed the same from said ranch and attached the same to the Eddy tract, so called, being plat ' F ' of the Rancho Jamacha, in said county, before the commencement of this action, the said Eddy tract being at the time of said attachment, and now, the property of one George S. Davis, and the said defendant has incorporated the said engineer's house into a dwelling-house, and now occupied by him upon said last-named tract; that all of said buildings were removed with the consent of said Davis; and that the said Davis, previous to said removal, had agreed with the plaintiffs that said buildings should not be removed from said Monte Vista Ranch, above referred to."

This finding shows that these buildings were removed by the defendant from the Monte Vista Ranch and " attached " to the Eddy tract, which then was, and now is, the property of George S. Davis, who is not a party to the suit. It is not found that defendant, Morey, has any ownership in the Eddy tract, to which these buildings are found to be " attached," or had any interest or ownership therein at any time. The possession of the buildings was therefore in Davis at the time

the action was commenced.   The fact that the dwelling-house
into which the "engineer's house" was incorporated is "occu-
pied" by the defendant does not affect the ownership and
possession of Davis, who is the owner of the ranch, the said
buildings having been attached to and thereby made part of
his land before this action was commenced.

This is an action to recover possession of personal property
which, it is alleged, the defendant took against the will of the
plaintiffs, and now detains from their possession.   But the
finding shows that the property sought to be recovered was
not in the possession of the defendant when the action was
commenced, nor within his power to deliver, and therefore said
finding would not have sustained a judgment in favor of the
plaintiffs for the delivery of the buildings, or for the value of
them in case a delivery could not be had.

In *Kelly* v. *McKibben*, 54 Cal. 195, it is said: "The distinc-
tion between this action [to recover possession, or the value in
case a delivery cannot be had] and one to recover damages for
the wrongful conversion of personal property, is just as broad
as that between the common-law actions of detinue and trover.
One lies for the recovery of the property itself, with damages
for the wrongful detention of it; the other, for the recovery of
damages for the wrongful conversion of it."

It is a general proposition that an action will not lie, where
it is clear that relief under it cannot be obtained; so an action
to recover possession of personal property will not lie when it
is apparent at the time the action is commenced that the de-
fendant has not the possession, or the power to deliver it in
satisfaction of the judgment for its possession.   When, how-
ever, the defendant has the property in his possession at the
time the action is commenced, the code provisions will not
permit him by the subsequent transfer or destruction of the
property to wholly deprive the plaintiff of relief, and in such
case the alternative judgment for the value of the property is
granted.

In *Riciotto* v. *Clement*, 94 Cal. 107, it is said: "Quite often
the plaintiff may choose whether he will content himself with
damages for the conversion, or seek to recover the specific
property; but the two remedies are quite distinct.   In what is
called trover, present possession of the property is immaterial,
but the relief sought in claim and delivery cannot be had from
the defendant, unless he is *then* possessed of the property,

which fact must therefore constitute an essential element in plaintiff's cause of action."

*Riciotto* v. *Clement*, 94 Cal. 107, is cited and followed in *Henderson* v. *Hart*, 122 Cal. 332, and *Keech* v. *Beatty*, 127 Cal. 183. *Faulkner* v. *First Nat. Bank*, 130 Cal. 258, 266, was distinguished by the court from *Riciotto* v. *Clement*, 94 Cal. 107, in that it was founded on the contract of bailment.

Appellants make the point that " the only necessary defendant in replevin is he who has possession of the property "; but this assumes that Morey has the possession and the right to surrender the property to the plaintiffs, and that plaintiffs have the right to receive or take the possession. It may be that the evidence would have justified a different finding from that before us; but it is quite clear that the finding shows no right, power, or authority in the defendant to remove the buildings from Davis's land and to deliver them to the plaintiffs, or to put them in possession of them while on the land of Davis. Morey may be the occupant of these buildings, but the possession and the power of disposition is not shown to be in him. The presumption is, that a building becomes part of the land — the real estate — upon which it is built or placed, and a stranger to the title cannot remove it without special authority to do so.

As the finding in question would not justify a judgment thereon in favor of the plaintiffs, the judgment appealed from should be affirmed.

Smith, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

                   Van Dyke, J., Garoutte, J., Harrison, J.