[Civ. No. 426. Third Appellate District.—February 20, 1908.]

CONSTANCE ISABELLA RUNGE, Appellant, v. LOUISA
WILSON, Executrix of Will of E. J. WILSON and
C. B. HEETER, Respondents.

CLAIM AND DELIVERY—BILL OF SALE—POSSESSION NOT DELIVERED—
SALE BY EXECUTRIX TO BONA FIDE PURCHASER—CONFIRMATION.—
Though a bill of sale of personal property made by a deceased
testator in his lifetime, without a delivery or change of possession,
was valid as between the parties; yet, where the grantor died while
in possession thereof, and his executrix sold the property to a *bona
fide* purchaser for value, without notice of the bill of sale, and
such sale was confirmed, an action of claim and delivery will not
lie against the executrix after such sale, for want of possession
by her when the suit was brought, nor can the action be main-
tained against the *bona fide* purchaser, since the original transfer
was void as to him, under section 3446 of the Civil Code.

ID.—DAMAGES FOR CONVERSION NOT ALLOWABLE IN REPLEVIN.—In an
action of replevin, or claim and delivery under our statute, no relief
can be had for conversion of the plaintiff's property against either
of the defendants. The distinction between those two kinds of
action is fully established.

APPEAL from a judgment of the Superior Court of
Napa County, and from an order denying a new trial. H. C.
Gesford, Judge.

The facts are stated in the opinion of the court.

Webber & Rutherford, for Appellant.

F. E. Johnston, H. L. Johnston, and L. E. Johnston, for
Respondents.

CHIPMAN, P. J.—This action is for the recovery of pos-
session, or value if delivery cannot be had, of certain personal
property. The cause was tried by the court without a jury,
and defendants had judgment, from which and from the order
denying her motion for a new trial plaintiff appeals.

It appears that on October 31, 1905, one E. J. Wilson was
the owner and in possession of certain personal property,

7 Cal. App.—37

described in the complaint, and on that day executed a bill of sale thereof to plaintiff, but Wilson remained in possession and plaintiff never had possession. On August 22, 1906, Wilson died testate while in possession of said property; by his will his wife, one of the defendants, was named as executrix, and she was duly appointed as such executrix on September 17, 1906; by the terms of the will she was given authority to sell the property of the estate without any order of the court; on September 22, 1906, the executrix sold the property in dispute to defendant Heeter for a valuable consideration, who had at the time no knowledge of any claim of plaintiff upon the property, nor does it appear that his codefendant, the executrix of Wilson's will, knew of the sale to plaintiff; the sale to defendant Heeter was confirmed by the court before demand made upon either of the defendants and before the commencement of the action; defendant Heeter took immediate possession of the property upon purchase and was in possession when the action was commenced; plaintiff made demand for possession upon both defendants prior to the commencement of the action, but was refused.

Appellant claims, and it is not disputed, that as between her and Wilson the sale was good and passed the title in the property to her, and the property could have been recovered from the grantor; citing *Francisco* v. *Aguirre,* 94 Cal. 180, [29 Pac. 495]. She further contends that, no creditor complaining, Wilson's executrix was in no better position than her testate; that she had no greater title than her testate, and having no title could convey none, and none passed by confirmation of the sale to respondent Heeter. (Citing *Robinson* v. *Haas,* 40 Cal. 474.)

Respondents' contention is: 1. That plaintiff cannot recover against respondent executrix because she was not in possession when the action was commenced. (Citing *Riciotto* v. *Clement,* 94 Cal. 107, [29 Pac. 414]; *Richards* v. *Morey,* 133 Cal. 437, [65 Pac. 886].) 2. Appellant cannot recover against the executrix because the sale was not accompanied by an actual and continued change of possession, and the sale was, therefore, as to the executrix, fraudulent and void. (Citing Civ. Code, sec. 3440; *McGraw* v. *McGlynn,* 26 Cal. 429; *Ex parte Smith,* 53 Cal. 208; *Francisco* v. *Aguirre,* 94 Cal. 185, [29 Pac. 495]; dissenting opinion of the chief jus-

tice in *Murphy* v. *Clayton,* 114 Cal. 526, [46 Pac. 460].)   3. Appellant cannot recover against defendant Heeter because he was an innocent purchaser in good faith for value without notice and also because the sale by Wilson was fraudulent and void as to Heeter. (Citing Civ. Code, sec. 3440; *Palmer* v. *Howard,* 72 Cal. 293, [1 Am. St. Rep. 60, 13 Pac. 858]; *Stockton Sav. etc. Soc.* v. *Purvis,* 112 Cal. 236, [53 Am. St. Rep. 210, 44 Pac. 561]; *Ruggles* v. *Cannedy,* 127 Cal. 297, [53 Pac. 911, 59 Pac. 827].)

1. This is the ordinary action in claim and delivery. The relief sought is possession of the property or the alternative relief given by the statute if possession cannot be had. Upon the complaint recovery for conversion, against either of the defendants, could not be justified. The distinction between replevin (our claim and delivery) and trover is clearly pointed out in *Riciotto* v. *Clement,* 94 Cal. 107, [29 Pac. 414], and it was there held that if the property was not in the possession of the defendant at the commencement of the action plaintiff could not recover. (*Richards* v. *Morey,* 133 Cal. 437, [65 Pac. 886].) The judgment in favor of defendant executrix must, therefore, be sustained.

2. Appellant's title rests upon a bill of sale of personal property which appellant did not at the date of sale or ever afterward take or have possession of, but which at all times to his death remained in the possession of the vendor. She testified that she never even saw the property. This property came into the possession of the executrix of the last will of the vendor as property belonging to his estate, and was by her sold in due course to defendant Heeter under a power given by the will and the sale was confirmed by the court. The vendee, Heeter, was a purchaser in good faith for value subsequent to the sale to appellant and without knowledge of plaintiff's claim, and is brought directly within the provisions of section 3440 of the Civil Code. (*Ruggles* v. *Cannedy,* 127 Cal. 296, [53 Pac. 911, 59 Pac. 827].)

It is not necessary to decide the question suggested in respondents' second point as the other two points are well taken.

Judgment and order affirmed.

Burnett, J., and Hart, J., concurred.