Appeal from Second District.

# VOLKER LUMBER CO. v. UTAH & OREGON LUMBER CO. et al.

'  No. 2687.   Decided April 8, 1915 (148 Pac. 365).

1. CHATTEL MORTGAGES—FAILURE TO FILE—EFFECT—STATUTE.  Under Comp. Laws 1907, section 150, providing that, unless the possession of personal property be given to, and retained by, the mortgagee, no mortgage thereof shall be valid as against the rights and interests of third persons, unless the mortgage or a copy thereof be filed in the office of the recorder of the county where the mortgagor resides, etc., and under section 2473, providing that retention of possession of goods by their vendor shall be conclusive evidence of fraud as against creditors, including all persons who shall be creditors of the vendor at any time while such goods shall remain under his control, a chattel mortgage is invalid as against all persons who without notice or knowledge of its existence give credit to the mortgagor at any time subsequent to execution and previous to filing.  (Page 608.)

2. CHATTEL MORTGAGES—FAILURE TO FILE—EFFECT—STATUTE.  Where a chattel mortgage is filed as provided, it becomes effective as against all persons extending credit to the mortgagor after such filing, unless such persons can invalidate it on the ground of fraud or other legal basis of attack.  (Page 608.)

3. CHATTEL MORTGAGES—FAILURE TO FILE—EFFECT ON ACCRUED RIGHTS OF CREDITORS—STATUTES.  A chattel mortgage which is not filed as required is valid against all persons having claims against the mortgagor which accrued previous to the execution and delivery of the mortgage, unless such persons acquire a lien by attachment or otherwise against the property before the mortgage is filed as provided; since a debtor may prefer his creditors.  (Page 608.)

4. CHATTEL MORTGAGES—FAILURE TO FILE—ASSIGNMENT OF CLAIM AGAINST MORTGAGOR—RIGHT OF ASSIGNEE.  Under Comp. Laws of 1907, sections 150, 2473, postponing the rights of a chattel mortgagee to those of a creditor of the mortgagor who extended credit subsequently to the execution, but previous to the filing of the mortgage, where plaintiff, after filing, secured the assignment of a claim against the mortgagor which had accrued previous to the filing, plaintiff acquired all rights of such mortgagor therein, including the right to invalidate the mortgage.  (Page 611.)

Volker Lumber Co. v. Utah & Oregon Lumber Co. et al., 45 Utah 603.

Appeal from District Court, Second District; *Hon. J. A. Howell,* Judge.

Action by the Volker Lumber Company against the Utah & Oregon Lumber Company and the Flewelling Building Company.

Judgment for plaintiff. Defendants appeal.

REMANDED, with directions to vacate the judgment or decree, and to enter one in accordance with the views of the opinion.

*T. D. Johnson* and *Wade M. Johnson,* for appellants.

*K. S. Farnsworth* for respondent.

FRICK, J.

The plaintiff, hereinafter called respondent, as a creditor and assignee of other creditors· of the defendant Flewelling Building Company, hereinafter styled company, commenced this action in equity against the defendant Utah & Oregon Lumber Company, hereinafter called appellant, and also against the company to have declared invalid a chattel mortgage which was executed and delivered by said company to the appellant, and incidentally to have determined the priority and extent of respondent's alleged lien upon the property included in said chattel mortgage.

The material facts, in substance, are: In July, 1910, said company was engaged in what in the trade is known as mill-work, that is, in the business of manufacturing doors, sash, blinds, molding, etc., in Ogden, Utah. On the 16th day of July, 1910, said company was indebted to the appellant in the sum of $800 and on that day executed its note for said sum, and, to secure the payment thereof, also executed and delivered to appellant a chattel mortgage on its woodworking machinery used in the business aforesaid. Said mortgage was not filed for record until June 1, 1911. When said mortgage was given said company was indebted to the Ogden Oil & Glass Company, one of the assignors of the appellant, in the sum of $318.98, and when the mortgage was recorded the indebtedness amounted to $416.03. The indebtedness had

thus increased $97.40, while the mortgage remained unrecorded. After the mortgage was recorded the indebtedness was further increased in the sum of $57.38. The aggregate amount of the indebtedness thus was $473.41. There was, however, paid after the mortgage was recorded the sum of $181.54, which reduced the whole amount of the debt to $291.87, and, if said $57.38 should also be deducted for the reasons hereinafter stated, then the amount was further reduced to the sum of $234.49. Said company was also indebted to George A. Lowe Company when said mortgage was given in the sum of $685.01, and when said mortgage was recorded said indebtedness had been increased in the sum of $630.76, making the whole indebtedness $1,315.77. There was paid after the mortgage was recorded the sum of $1,060.64, leaving a balance of $255.13. But there were also goods sold after the mortgage was recorded in the sum of $323.11, which left a debt of $578.24, if said $323.11 is added, or, if not, then said sum of $255.13. The $578.24 was also assigned to the appellant. Said company was also indebted to the respondent as follows: When said mortgage was given nothing was owing, but after the mortgage was executed and delivered, and up to the time it was filed, said company became indebted to respondent in the sum of $574.96. After the mortgage was recorded the debt was increased in the sum of $927.82 which, when added to the prior amount, swelled the debt to the sum of $1,502.78. There was, however, paid after the mortgage was given the sum of $732.62, which left a balance of $730.16, all of which was, however, incurred after the mortgage was filed. No fraud is involved in this case.

Upon substantially the foregoing facts respecting the indebtedness the court adjudged the mortgage invalid as against all of said claims, and entered a decree restraining its enforcement. Appellant insists that the court erred in its conclusions of law and in entering the decree aforesaid.

It was made to appear at the trial that when the mortgage was filed none of the foregoing claims had been reduced to judgment, and no execution or other lien had been established either in favor of the assignors or the respondent as assignee, or otherwise. Appellant's counsel therefore contend that the

mortgage in question is prior in right as against all those who were merely general creditors of the company, and hence was prior to all of the claims that we have set forth above. Upon the other hand, respondent's counsel contends that the mortgage is invalid as against all of said claims. The precise question presented on this appeal is *res integra* in this jurisdiction.

We think the solution of the question very largely depends upon the effect to be given to our statute relating to chattel mortgages, and against the creation of secret liens. Comp. Laws 1907, section 150, so far as material to this controversy, reads as follows:

"Unless the possession of personal property be delivered to and retained by the mortgagee, no mortgage thereof shall be valid as against the rights and interests of any persons other than the parties thereto, unless:   *   *   *

"(3)   The mortgage, or a copy thereof, be filed in the office of the recorder of the county where the mortgagor resides, or, in case he is a nonresident of this state, in the office of the recorder of the county or counties where the property may be at the time of the execution of the mortgage."

The only other section which we deem material is section 2473 of the same compilation, which reads as follows:

"Every sale made by a vendor of goods or chattels in his possession or under his control, and every assignment of goods and chattels, unless the same be accompanied by a delivery within a reasonable time, and be followed by an actual and continued change of the possession of the things sold or assigned, shall be conclusive evidence of fraud as against the creditors of the vendor, or assignor, or subsequent purchasers in good faith. The word 'creditors,' as used in this section, shall be construed to include all persons who shall be creditors of the vendor, or assignor, at any time while such goods and chattels shall remain in his possession or under his control."

It is perhaps true that the weight of authority, under statutes somewhat different from ours, is to the effect that only those creditors who have established, and therefore assert, liens against the mortgaged property can assail the validity

of an unrecorded mortgage upon that ground. We shall refer to only a few of the many cases that could be cited in support of the foregoing proposition, namely, *Forrester* v. *Kearney Nat. Bank,* 49 Neb., 655; 68 N. W. 1059; *Cameron* v. *Marvin,* 26 Kan. 612; *McVay* v. *English,* 30 Kan. 368; 1 Pac. 795; *Morse* v. *Morrison,* 16 Colo. App. 449; 66 Pac. 169; *Wilson* v. *Leslie,* 20 Ohio 161. Should the reader desire to pursue the subject, he will find a large number of cases referred to in the foregoing citations. It must not be overlooked, however, that our chattel mortgage statute specifically provides that "no mortgage shall be valid as against the rights and interests of *any person other than the parties thereto,*" unless such mortgage is filed, etc., as provided in the statute. (Italics ours.) It might be that, if this section stood alone, in view of the decisions, it could be contended, with much force that "the rights and interest of any person" mentioned in the statute refers to some specific rights and interests in or to the property mortgaged. If we construe and apply the foregoing language, however, in connection with what is said in section 2473, *supra,* relative to what is meant by the term "creditors," then whatever doubt remains vanishes. The term "creditors," as used in our statute, therefore, includes all persons who may have claims against the mortgagor at any time while the mortgaged goods and chattels remain in his possession. Now, it is universally held by the courts, and such clearly is the purpose of the statute, that, under a statute like ours, filing, if it is required, or recording, where that is necessary, in law is the equivalent of taking possession by the mortgagee, and hence the statute is construed to mean that the mortgage is invalid as against the class of persons aforesaid only so long as it is not filed or recorded, unless it is withheld from record so long that fraud may be inferred from the delay. When it is filed or recorded, however, it is the same, in legal effect, as though possession were taken, and the mortgage is valid as against all who become creditors of the mortgagor after such filing or recording, unless it can be declared invalid upon the ground of fraud or for some reason other than that it was not filed or recorded. Our statute fixes no time, as some statutes do, within which a mortgage must be

filed or recorded. The question, so far as it affects the claims in this case which were incurred after the mortgage was executed and delivered, and before it was filed as required by our statute, namely, all those that arose after the 16th day of July, 1910, and before the 1st day of June, 1911, has been considered and determined by the Supreme Court of California in the case of *Ruggles* v. *Cannedy*, 127 Cal. 290-306; 53 Pac. 911; 59 Pac. 827; 46 L. R. A. 371. The decision, so far as material here, is fairly reflected in the headnotes as given in 53 Pac. 911, which read as follows:

"(1) Civ. Code, section 2957, provides that a mortgage of personal property is void as against creditors unless recorded in like manner as grants of real property. Held that, since recordation has been made by the Code the equivalent of an immediate delivery and continued change of possession, a chattel mortgage not immediately recorded is void as to creditors whose claims arose between its execution and recordation.

"(2) Under Civ. Code, section 2957, providing that a mortgage of personal property is void as against creditors unless recorded, a creditor may sue to set aside as fraudulent a mortgage not seasonably recorded, though he has not acquired a lien by judgment or attachment before the recordation of such mortgage.

"(3) A chattel mortgage not seasonably recorded is valid as between the parties, and as against creditors whose claims arise after recordation."

The question of what constitutes a creditor under the California statute, which, in legal effect, is like ours, is fully and ably discussed by Mr. Justice Henshaw. It is there held that the term "creditors" applies to all persons 1, 2, 3 who, without notice of the mortgage, have extended credit to the mortgagor after the mortgage was given and before it was filed or recorded as required by the statute. It is further held that such is the effect entirely apart from any question of fraud. The rule is based upon the local statute, and not upon the decisions of the courts, which are based upon somewhat different statutory provisions. It would seem that the decision of the California Supreme Court in following the statute is clearly right. When a statute defines what is meant or included within the term "creditors" there is no room for judicial construction. To depart from the statute

would become judicial legislation, rather than judicial construction.  The case of *Ruggles* v. *Cannedy, supra,* is approved by the Supreme Court of California in the later case of *Hopper* v. *Keys,* 152 Cal. 488-493; 92 Pac. 1017.  It is also cited by the California Appellate Court in the case of *Runge* v. *Wilson,* 7 Cal. App. 579; 95 Pac. 178.  It is only fair to state, however, that in neither of the foregoing cases was the precise question now before us involved.  The case was also approved and followed in *Re Hickerson* (D. C.), 162 Fed. 352. The same doctrine is laid down by the New Jersey Court of Errors and Appeals in *Roe* v. *Meding,* 53 N. J. Eq. 350; 30 Atl. 587; 33 Atl. 394, and in *Dunham* v. *Cramer,* 63 N. J. Eq. 151; 51 Atl. 1011.  There is a dissenting opinion in the California case by Mr. Justice Garroutte which is concurred in by Justices Van Dyke and Harrison.  The dissenting justices argue that the term "creditors" should be limited to those who "assert their claims by attachment or otherwise before recordation is had."  They insist that the California statute should be construed to conform to the Nebraska and other decisions, some of which we have cited, although those decisions are based upon different statutory provisions.  In view of the wording of the California statute—and if there is any difference ours is still stronger in favor of the creditor—we are not impressed with the views contained in the dissenting opinion in the California case.  We are of the opinion, therefore, and so hold, that under our statute a chattel mortgage is, as a matter of law, invalid as against all persons who, without notice or knowledge of the mortgage, extend credit to the mortgagor at any time after the mortgage is executed and delivered and before it is filed as required by the statute. We further hold that, when a mortgage is filed as provided by the statute, it becomes effective as against all persons who extend credit to the mortgagor after that event, unless they can invalidate it upon the ground of actual fraud or for some other legal reason.  Again, a mortgage, although not filed, is also valid against all persons who have claims against the mortgagor which accrued before the mortgage was executed and delivered, unless such persons acquire a lien by

attachment or otherwise against the property mortgaged before the same is filed as provided by the statute. That such is the intention of our statute seems clear, since it suspends the effect of the mortgage as to those persons only who extend credit while the mortgage subsists, but before possession of the mortgaged property is taken, or before the mortgage is filed, provided they have no notice of the existence of the mortgage. This again is in accordance with reason and justice. In this state a debtor, although in failing financial circumstances, may, nevertheless, prefer his creditor. He may thus secure any one or more of his creditors, just as he chooses, if done in good faith and for a *bona fide* claim. A mortgage can, therefore, not be assailed by one creditor merely because another was preferred. The mortgage is, therefore, good as against all claims which exist when the mortgage is given unless it can be assailed upon other grounds than that it was not filed. It is therefore valid as against the claims that existed when the mortgage was given and which remained unpaid at the time it was filed. This precise question was not involved in the case of *Ruggles* v. *Cannedy, supra,* and for that reason the California court expressed no opinion upon it. In that case only creditors who became such after the mortgage was given and before it was filed were before the court. From what follows it will appear, however, that while the question just discussed in one sense is involved here, yet it may be academic merely. The record discloses that when the mortgage in question was executed and delivered to the appellant the company (the mortgagor) was indebted to the respondent and its assignors in the sum of $1,003.99, and that thereafter goods were sold to the company by the respondent and its assignors amounting to $7,467.13, and there was paid by the company the sum of $6,936.98. There was, therefore, $530.15 more goods bought than were paid for, and when that sum is added to the amount due when the mortgage was given it swells the debt due to respondent and its assignors to the sum of $1,534.14. It, however, also appears that the whole of the indebtedness existing when the mortgage was given was wiped out. The question, therefore, of whether the mortgage was valid as against said debt of $1,003.99,

which existed when the mortgage was given, is immaterial in this case, unless it should be further made to appear that the payments that were made were intended to be, and should have been, applied on goods bought after the mortgage was given and before it was filed. If such were the case, then said $1,003.99 would have to be postponed to the claim of the mortgagee so far as the mortgaged property is concerned. If, however, such is not the case, then the whole of said $1,003.99 has been paid, and only the amount that was purchased by the company from respondent and its assignors after the mortgage was filed would be subject to the mortgage. The goods purchased after the mortgage was filed amounted to the sum of $1,308.31. The District Court, however, held the mortgage invalid as against that amount as well as against the other claims. That holding is directly contrary to the holding of the California Supreme Court in *Ruggles* v. *Cannedy, supra,* which case is directly based upon a statute which is not distinguishable from ours, and which case we feel constrained to follow.

The contention that respondent cannot prevail as to those claims that were assigned to it after the mortgage was filed because it then had knowledge of the mortgage is not tenable. Respondent succeeded to all the rights of its assignors, and, as we have seen, the mortgage, as to them, was invalid to the extent herein pointed out.

We desire to add in conclusion that there are some matters contained in both the findings of the court and the arguments of counsel which we have not considered, for the reason that we do not deem them material under the conceded or undisputed facts and circumstances in this case, although we concede that such matters might be material in similar cases where the facts and circumstances are different or where they are disputed. We also wish it understood that it may be that the figures relating to the indebtedness and payments as we have given them may not, in every particular, be correct. They are taken from the record as we read it. They were not inserted in the opinion for the purpose of binding either the court or the parties, but are given to better illustrate the scope of the decision, and to show in what re-

spects, rather than to what extent, the judgment or decree should be modified.

The case is therefore remanded to the District Court of Weber County, with directions to vacate the judgment or decree, and to enter one in accordance with the views herein expressed; appellant to recover costs.

STRAUP, C. J., and McCARTY, J., concur.