[Civ. No. 3709.  Second Appellate District, Division One.—April 11, 1922.]

F. M. TETER, etc., Appellant, v. L. R. THOMPSON, Respondent.

[1] SALES—BREACH OF CONTRACT BY VENDEE—PRIOR SALE TO THIRD PERSON — RIGHT OF VENDOR TO SUE IN CLAIM AND DELIVERY. — Where a motor-truck is sold under a conditional sale contract and the vendee defaults in his payments, thereby giving the vendor the right to recover possession, the vendor may maintain an action to recover possession of the truck, or the reasonable value thereof in case delivery of the truck cannot be had, notwithstanding the vendee has transferred the truck to a third person and does not have it in his possession at the time of the commencement of such action.

[2] ID.—CONDITIONAL SALE OF TRUCK—TERMINATION OF CONTRACT—SUFFICIENCY OF ELECTION.—Where a contract for the conditional sale of a motor-truck gives the vendor the right to elect to declare the agreement null and void upon the happening of certain conditions, the vendor is not required to declare his election in the very terms of the contract, but an election is accomplished when the vendor, upon the happening of such conditions, demands possession of the truck and, upon the vendee's refusal to comply with such demand, commences an action to recover the property or its value.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Lewis R. Works, Judge.  Reversed.

The facts are stated in the opinion of the court.

C. E. McDowell for Appellant.

James W. Miller and John E. Carson for Respondent.

CONREY, P. J.—Action to recover possession of personal property, or the reasonable value thereof in case delivery of the property cannot be had, together with damages for the

1.  Rights and remedies of seller on breach of contract of conditional sale, note, 133 Am. St. Rep. 563.

2.  Effect of retaking of property by seller on the rights and remedies of the parties to a contract of conditional sale, note, L. R. A. 1916A, 915.

unlawful detention of the property. The plaintiff appeals from the judgment entered in favor of defendant.

[1] On the eighth day of June, 1918, pursuant to the terms of a contract of conditional sale, plaintiff delivered to the defendant a certain truck described in the contract. The purchaser paid five hundred dollars, and agreed to pay the further sum of two hundred dollars on the fifth day of July, 1918. By the terms of the contract, the purchaser agreed "that if he fails to make any of the above payments when due, or within ten days thereafter, or violates any of the terms of this contract, then the seller at his option and without notice may elect to declare the whole purchase price due and payable, or the seller may declare this agreement null and void, and in that event the seller may take possession of said automobile, and the purchaser agrees to forfeit all payments made thereon and also forfeit all right and interest in said automobile, time being of the essence of this agreement. . . . The second party acquires no interest in or title to said property until all payments as agreed shall be made; when the first party agrees to execute to the second party a bill of sale to said property. . . . Time is expressly made of the essence of this contract."

Nothing was paid by the purchaser on account of this contract after the initial payment. In August, 1919, plaintiff made demand on the defendant for possession of the truck, but the defendant refused to comply with that demand. The fact was that prior to that time the defendant had sold and delivered the truck to a third party; since which time it never has been in possession of or under control of the defendant. By reason of these proved facts it was found by the court (contrary to the allegations of the complaint) that the defendant did not have possession of the truck either at the time of commencement of this action or thereafter. Counsel for appellant and counsel for respondent seem to agree that the judgment in favor of defendant rests upon the proposition that the plaintiff cannot maintain this action because the personal property sought to be recovered was not in defendant's possession at the time of commencement of the action. This presents the question upon which the appeal may be determined.

The principal decisions relied upon by respondent are *Richards* v. *Morey,* 133 Cal. 437 [65 Pac. 886], and *Riciotto*

v. *Clement,* 94 Cal. 105 [29 Pac. 414]. In *Richards* v. *Morey,* the court said: ''This is an action to recover possession of personal property which, it is alleged, the defendant took against the will of the plaintiffs, and now detains from their possession. But the finding shows that the property sought to be recovered was not in the possession of the defendant when the action was commenced, nor within his power to deliver, and therefore said finding would not have sustained a judgment in favor of the plaintiffs for the delivery of the buildings, or for the value of them in case a delivery could not be had.'' *Riciotto* v. *Clement* was an action to recover possession of personal property belonging to the plaintiff, which had been seized by the defendant as constable acting under a writ of attachment against one Smith. At the time of commencement of this possessory action against the constable the goods had passed out of his possession. The court held that the action was one brought to obtain the benefit of a statutory remedy, the action being designated by the court as ''an action of claim and delivery.'' The court held that neither ''the action of replevin in the *detinet*'' nor ''the action of claim and delivery'' can be supported against a defendant not in possession at the time of commencement of the action.

It should be noted that in the cases mentioned above the cause of action had its origin in a wrongful taking, or tortious seizure of property by the defendant. In *Faulkner* v. *First Nat. Bank,* 130 Cal. 258 [62 Pac. 463], it was held that where the defendant obtained possession lawfully under a contract of bailment, but detained the property unlawfully, an action may be maintained to recover possession of the property or its value from the bailee, even though prior to the commencement of the action the bailee has wrongfully transferred the property to other persons. The court said that this was just the kind of wrong for which at common law the action of detinue was especially appropriate; and that it was no defense to an action of detinue to plead that the defendant before the commencement of the action had wrongfully disposed of the property and therefore was not in possession of it. After citing sundry authorities, the court said: ''The principles declared in the foregoing authorities are eminently just, and are founded on the maxim that no one can take advantage of his own wrong; and they are

as applicable now to an action based on a contract of bailment as they were to such an action when it had to be brought under the special form of detinue. The usual judgment in such action is in the alternative—that is, that the plaintiff recover possession of the property, or its value in case delivery cannot be had; but where it appears that the property cannot be delivered the defendant is in no way prejudiced by a judgment for the value only; and the fact that the judgment is not in the alternative is no ground for reversal." The court also sustained the plaintiff's right of action in that case for another reason: "There is another feature of the case, however, which disposes of this technical point adversely to appellant. The averments in the complaint of the demand by respondent of the appellant that it deliver to her the property, and appellant's refusal to do so, are sufficient averments of conversion; and the action may therefore be considered in the nature of trover, and thus considered there can be no objection to the form of the judgment." The judgment was for recovery of the value of the property wrongfully detained.

In *New Liverpool etc. Co.* v. *Western etc. Co.*, 151 Cal. 479 [91 Pac. 152], it appeared that the defendant was in possession of a quantity of salt as bailee; that prior to the commencement of the action the plaintiff had become entitled to possession upon demand. Demand was made by plaintiff and delivery of possession was refused by defendant. The action was brought to recover possession of the property, or its value if possession could not be obtained. Following the decision in *Faulkner* v. *Bank, supra,* the court held that the fact that a defendant had before the demand or before the action was begun parted with the possession of the salt was no defense; and approved the declaration that such an action is of the character formerly known as an action in detinue, and that the rights of the parties are to be determined by the principles of the common law applicable to that form of action. We are of the opinion that the fact that defendant had transferred the truck to a third person, and did not have it in possession at the time of commencement of this action, does not deprive the plaintiff of the right to maintain this action.

[2] Finding III states "That it is not true that the plaintiff herein subsequent to the fifteenth day of July, 1918,

or at any other time or at all declared said agreement null and void or null or void, or became at such time entitled to the possession of said automobile; that it is not true that at all the times since this plaintiff has been and now is, or has been or now is, the owner and entitled or the owner or entitled to the possession of said automobile.'' Since the defendant was in default by reason of nonpayment of the amount due from him under the contract, and also by reason of his transfer of the property contrary to the terms of the contract, the plaintiff became entitled to possession of the property, upon the exercise of his right to ''declare this agreement null and void.'' Such declaration need not have been made in the very terms of the contract. When the plaintiff demanded possession and (upon defendant's refusal to comply with that demand) commenced this action to recover the property or its value, he thereby elected to put an end to the contract and waive his claim for the unpaid balance of the purchase price as definitely as if he had used the formula, ''I hereby declare said contract null and void.''

The judgment is reversed.

Shaw, J., and James, J., concurred.