[Civ. No. 2550.   Third Appellate District.—November 22, 1923.]

CALIFORNIA PACKING CORPORATION (a Corporation), Respondent, v. CASPER P. STONE et al., Appellants.

[1] CHATTEL MORTGAGE — CROPS COVERED. — A chattel mortgage, the granting clause of which grants and conveys to the mortgagee "all the crops now growing or to be grown" during specified seasons on certain described premises, covers a barley crop grown on said premises during one of the specified seasons, notwithstanding such mortgage also contains a provision that it is "also intended to secure the performance of the term fruit contract between the mortgagors and the mortgagee, covering the sale of fruit on said premises" for the seasons specified.

[2] Id.—Right of Possession—Tortious Removal—Continuance of Lien.—The mortgage having provided that the mortgagee should be entitled to the possession of the crops upon the harvesting thereof, the mortgagee's lien upon the crops was not extinguished by the tortious removal thereof from the premises.

[3] Id.—Right of Possession—Replevin.—Replevin or an action in claim and delivery will lie to obtain possession of property covered by chattel mortgage where such mortgage provides for delivery of the chattel to the mortgagee.

[4] Replevin—Possession by Defendant—Power to Make Delivery —Judgment.—In an action in replevin or claim and delivery, being an action for the recovery of specific personal property, in order to sustain a judgment for the plaintiff, it must be shown that possession was in the defendant at the time of the beginning of the action or that he had the power to make delivery of the personal property for the recovery of which the action is prosecuted.

[5] Id.—Conversion—Pleading—Judgment.—The facts pleaded and not the name given to the complaint determine whether it is one in claim and delivery or one in trover for the conversion of the property; and if it appears that the action is really one for the conversion of personal property, a judgment awarding the plaintiff the value of the property converted will be upheld, even though plaintiff entitles his action one in "claim and delivery."

[6] Id.—Possession by Third Party—Judgment.—In this action by a mortgagee to recover possession, or the value, of certain barley and oats which had been grown on the premises of the mortgagors, there having been no allegations in the complaint and no findings by the court on the subject of conversion by the mortgagors, and it having been shown that the property in question at the time of the institution of the action was in the possession of a third party, and it not being shown that the mortgagors were in a position to make delivery thereof to the mortgagee, the mortgagee was not entitled to a judgment against the mortgagors for the recovery of said property or the value thereof in the event recovery could not be had.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

4. Growing or standing crops as subject to replevin, note, 5 **Ann. Cas.** 480.

Geo. D. Collins, Jr., for Appellants.

J. Oscar Goldstein for Respondent.

PLUMMER, J.—This is an appeal in an action brought by the plaintiff to recover from the defendants and appellants the possession of 2,600 sacks of barley and 400 sacks of oats or the value thereof in the sum of $3,750. The plaintiff had judgment against the appellants and against Garrette & Agnew, a copartnership, for the recovery of 1,918 sacks of barley or the value thereof in the sum of $1,918 in the event that recovery could not be had. The defendants, Garrette & Agnew, have not appealed. It appears from the transcript that the barley in question was raised upon a certain tract of land situated in the county of Butte, farmed and operated by the appellants, that on or about the sixteenth day of June, 1920, the appellants executed a certain crop mortgage and delivered the same to the plaintiff and respondent herein covering all crops to be grown upon the premises hereinbefore referred to and described in said mortgage, including all crops growing or to be grown on said premises during the seasons of 1921–1925, inclusive. The points made by appellants for reversal are: First, that the mortgage does not cover the barley crop grown upon said premises; second, that the plaintiff was not entitled under the terms of the mortgage to the possession of the barley; and third, that this is an action in claim and delivery or replevin, and that the appellants were not in possession of the barley crop at the time of the commencement of this action. [1] That the first contention has no merit is readily perceived by the mere reading of the mortgage. The granting clause of the mortgage is as follows: "Does by these presents grant, bargain, sell and convey to the mortgagee, and its successors and assigns forever, all the crops now growing or to be grown during the seasons 1921–1925, inclusive, on the following described real property." (Then follows a description of the property upon which the barley in question was grown during a year covered by the mortgage.) Then further along, after providing for the right of the mortgagee to enter upon the premises, it is further specified that upon "harvesting thereof it [plaintiff] shall be entitled to the possession of the same and may haul,

store and ship the same at the expense of the said mortgagor.'' It is also provided in said mortgage that in case of any default on the part of the mortgagors, the mortgagee is authorized to take possession of the crops and sell the same. It is also provided in said mortgage that upon harvesting the crops grown on said premises the mortgagor will deliver the same immediately into the possession of the mortgagee or its successors. It is further covenanted that the mortgage is intended to secure not only the principal sum mentioned in the mortgage but also advances that might be made thereunder. The last clause of the mortgage is as follows: ''This mortgage is also intended to secure the performance of the term fruit contract between the mortgagors and the mortgagee, covering the sale of the crops of fruit on said premises for the years 1921 to 1925, inclusive.'' It is upon this last provision that appellants base their argument that the mortgage did not cover the barley crop and hence that the plaintiff was not entitled to possession thereof.

The foregoing recital disposes completely of the appellants' first contention.

The court found that default had been made by the mortgagors; that the crops had been harvested; that the plaintiff made demand upon the mortgagors for the possession of the barley in accordance with the terms of the mortgage at a time when the appellants were in possession of the crop of barley grown on the mortgaged premises. The court further finds that the crop of barley was wrongfully and tortiously removed from the mortgaged premises upon which it was grown, and that the lien of the plaintiff upon the barley by reason of the mortgage was not extinguished. The crop having been removed from the mortgaged premises by the mortgagors it is claimed by the appellants that under the provisions of sections 2888 and 2972 of the Civil Code plaintiff's lien thereon was extinguished.

[2] The court having found, however, that the removal was tortious, this case comes under the rule frequently announced by the supreme court of this state that under such circumstances the sections referred to are inapplicable and the lien still continues. (*Wilson* v. *Prouty*, 70 Cal. 196 [11 Pac. 608]; *Berson* v. *Nunan*, 63 Cal. 550.) [3] That replevin or an action in claim and delivery will lie to obtain

possession of property covered by chattel mortgage where such chattel mortgage provides for delivery of the chattels to the mortgagee, is also well settled. (*Flinn* v. *Ferry*, 127 Cal. 648 [60 Pac. 434]; *Harper* v. *Gordon,* 128 Cal. 489 [61 Pac. 84].)

These and other cases which might be cited clearly establish the right of the plaintiff to possession of the mortgaged crops after harvesting and the right to maintain an action to obtain such possession where delivery is refused.

The third contention of appellant is more serious. The court found that at the time of the beginning of the action the defendants Garrette & Agnew were in possession of all of the property referred to herein and for which judgment was awarded the plaintiffs. There is no finding that the appellants had any control over the property or were in any position to make delivery thereof. The finding of the court upon the question of the possession of the barley for which judgment was awarded the plaintiff is as follows:

"That all of the said barley was at the time of the commencement of the action in the possession of the defendants, Garrette & Agnew, a copartnership, said property having been delivered to said defendants, Garrette & Agnew, a copartnership, in the following manner: eight hundred and one sacks of said barley were delivered on a car marked SN 2150; eight hundred sacks of said barley were delivered on a car marked WP 17655; and three hundred and seventeen sacks of said barley were delivered on a car marked NE 2058."

The court further found that the transportation company or railroad company was the agent of the defendants, Garrette & Agnew. The court also found that the plaintiff had, by taking proceedings under the provisions of the code relating to claim and delivery, obtained possession of all of the 1918 sacks of barley herein just referred to.

[4] In an action in replevin or claim and delivery, being an action for the recovery of specific personal property, in order to sustain a judgment for the plaintiff, it must be shown that possession was in the defendant at the time of the beginning of the action or that he had the power to make delivery of the personal property for the recovery of which the action is prosecuted. (*Riciotto* v. *Clement*, 94 Cal. 105 [29 Pac. 414]; *Richards* v. *Morey*, 133 Cal. 439

[65 Pac. 886].) Cases from other states follow the same general rule. A distinction, however, is made in actions where the complaint, though entitled a ''complaint in claim and delivery,'' in truth and in fact a cause of action in detinue or trover is alleged. This distinction is pointed out in *Faulkner* v. *First Nat. Bank,* 130 Cal. 258 [62 Pac. 463]. [5] If it appears that the action is really one for the conversion of personal property, a judgment awarding the plaintiff the value of the property converted will be upheld, even though plaintiff entitles his action one in ''claim and delivery.'' The facts pleaded and not the name given to the complaint determine whether it is one in claim and delivery or one in trover for the conversion of the property. As stated in the case of *Riciotto* v. *Clement, supra,* the complaint in claim and delivery might be amended so as to support a judgment for the value of the property in the event the testimony shows conversion on the part of the defendant. [6] In the case at bar no application was made to amend the pleadings and whatever the testimony may show upon this subject, there are no allegations in the complaint and no findings made by the court on the subject of conversion by the defendants. It thus appears the judgment for the recovery of the property against the appellants was unwarranted by reason of the fact that the possession of the property at the time of the institution of the action was shown to be in others than the appellants, and it further not being shown that the appellants were in a position to make delivery of the barley sought to be recovered.

It appears in the answer filed by the appellants that they put in issue the title of the plaintiff to the mortgaged barley and the right of the plaintiff to possession thereof. This entitled the plaintiff to a judgment for its costs against the appellants herein.

It necessarily follows from what has been said that the appellants are entitled to have and it is ordered that the judgment against them be modified to the extent of striking out that portion thereof which awards to the plaintiff as against appellants judgment for a recovery of the property or the value thereof in the sum of $1,918 in the event that the recovery cannot be had. In all other repects the

judgment is hereby affirmed. We think the respondent is entitled to recover its costs on appeal, and it is so ordered.

Hart, J., and Finch, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 21, 1924.