## WILLIAM J. STRINGER v. HENRY L. DAVIS.

EVIDENCE CONCERNING HOTEL.—On the trial of the issue whether a certain house was, at a given date, a hotel, the publication by its proprietors of an advertisement to the public of the house as such, in the newspapers of the vicinage, at and before said date, is competent evidence to establish the public character of the house.

PLEADING—AVERMENTS OF ANSWER, WHEN DEEMED CONTROVERTED.—A pleading by a defendant in an action of replevin which admits the taking complained of, but justifies under legal process, and prays judgment for a restitution of the property replevined, or for its value, contains only matter of confession and avoidance, and under the fifty-sixth section of the Practice Act, is deemed controverted by plaintiff.

CHATTEL MORTGAGE—WHEN GOOD.—Where, on the trial of an action for the replevin of goods from a defendant who in answer admitted the taking, but justified under legal process against a third party, held and served by him as Sheriff, it was proved by plaintiff that he held an unsatisfied chattel mortgage of the goods, duly executed by said third party, for their purchase price, of which defendant had notice : Held, that upon this state of facts, and in the absence of any evidence tending to justify the taking of the goods by defendant, plaintiff was entitled to judgment for their recovery.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The complaint, in this case, alleged that plaintiff sold certain upholstery and furniture to Armstrong & Wimmer, for the purpose of furnishing, and with which was furnished, a house in San Francisco, alleged to be a hotel, and known as the "Willows;" that upon the delivery of the goods a chattel mortgage to secure the payment of the purchase money was

executed in due form of law by Armstrong & Wimmer to plaintiff, and placed on record; that thereafter, and while said mortgage remained unsatisfied, the defendant, who was Sheriff of the City and County of San Francisco, seized and detained said goods from the possession of the plaintiff, to whom, before said seizure, they had been redelivered by Armstrong & Wimmer, for the purpose of subjecting them to the satisfaction of said mortgage debt; that said mortgage debt remained wholly unsatisfied, and that defendant refused to redeliver the goods to plaintiff upon demand duly made therefor, and prayed judgment for the recovery of these goods, or for their value. Plaintiff replevied the goods at the commencement of the action.

The answer put in issue only the allegations of the complaint:

First—That the house known as the "Willows" was a hotel.

Second—That said goods had been redelivered to plaintiff, as alleged; and,

Third—That the goods were seized by defendant from the possession of plaintiff, but alleged that they were levied on while in the possession of Armstrong, and held by him as Sheriff, under and by virtue of a described writ of attachment, lawfully issued in an action against Armstrong, under which defendant justified his seizure—alleging that said mortgage was fraudulent and void as against the creditors of Armstrong, of whom the plaintiff in said attachment suit was one.

The answer prayed judgment for a redelivery of the replevied goods to defendant, or for their value.

On the trial, which was before the Court with a jury, plaintiff introduced some evidence tending to prove that the "Willows" house was a hotel; also, that before the seizure of the goods by defendant they had been redelivered to plaintiff by Armstrong & Wimmer. But on both points this evidence was somewhat vague, and on the second point not free from contradiction.

In the course of the trial plaintiff offered to prove that

Armstrong & Wimmer advertised the "Willows" house as a hotel, and therein solicited to it, as such, the patronage of the public, in two of the leading daily newspapers published in San Francisco. That this was done about the time of and after said sale of the demanded property to Armstrong & Wimmer.

The evidence so offered was rejected by the Court, on defendant's objection thereto that it was irrelevant and incompetent; to which ruling plaintiff duly excepted.

At the close of plaintiff's testimony a judgment of nonsuit was granted on defendant's motion, on the grounds:

First—That the "Willows" house was not a hotel; and, second—that there was no proof that the goods were ever redelivered to plaintiff before the taking by defendant.

Plaintiff moved for a new trial, which was denied; and thereupon appealed from the judgment, and from the order denying a new trial.

*R. P. & J. Clement,* and *W. P. Daingerfield,* for Appellant.

The answer admits a *bona fide* mortgage, which was good as between the parties to it at least; and until the defendant showed himself the representative of a creditor of the mortgagor, he could not object that the mortgage was not executed under such conditions as to make it good against creditors. (*Bickerstaff* v. *Doub,* 19 Cal. 109; *Knox* v. *Marshall,* 19 Cal. 622; *Woods* v. *Bugbey,* 29 Cal. 471.)

The evidence offered by the plaintiff—assuming that it was proper for him to prove that the "Willows" was a hotel—was both material and relevant. (*Thompson* v. *Lacy,* 5 E. C. R. 285; *Wintermute* v. *Clark,* 5 Sandf. 242–47; 2 Kent's Com. 822, note 1; *Lyon* v. *Smith,* 1 Morris, 184; *Pinkerton* v. *Woodward,* 33 Cal. 557.)

The ruling of the Court below seems to have been made upon the theory that the plaintiff, in order to maintain his mortgage, must show affirmatively not only that the house

"filled the full measure of an inn," but that it was actually patronized as such.

The true rule in reason is, that whenever the proprietor of a house puts himself in such a position as to be liable to the public as an innkeeper, his house is an inn; and a person dealing with reference to that condition, may acquire rights as well against third persons as against the proprietor.

*Hale & Edmonds,* for Respondent.

If it was necessary for the capacity of the Sheriff and the existence of the debt and judgment in favor of Heyneman to appear, those facts are established by the pleadings. They are alleged in the answer, and not denied. The answer contains a cross complaint. The test of a cross complaint is this: does it contain new matter entitling the defendant to affirmative relief? (Prac. Act, Section 46.) By our practice a cross complaint is distinguished from a counterclaim by the test of relief. A counterclaim becomes a cross complaint if it do more than extinguish the plaintiff's demand. If affirmative relief may be had upon the defendant's answer, a reply is necessary. (Secs. 46, 50, 65.) The answer prayed a return of the property, or judgment for its value, and damages for the unlawful withholding thereof. The case made by the answer entitled the defendant to that relief. It contains all the elements of a cross complaint, shows a possession and right of possession in defendant, and a wrongful taking by the plaintiff. The new matter in the answer constitutes a cause of action in the defendant against the plaintiff, for which he might have maintained an action if the plaintiff had not brought suit against him. (*Lemon* v. *Trull,* 13 How. Pr. 248; affirmed in Court of Appeals, 16 How. Pr. 576, note.)

By the Court, SPRAGUE, J.:

The evidence introduced and admitted in behalf of plaintiff was sufficient to entitle him to a submission of his case to the jury, under the instructions of the Court defining the legal significance of the term "Hotel," as used in the chattel mortgage statute. The Court, therefore, erred in granting defendant's motion for a nonsuit.

The Court also erred in excluding the advertisements of plaintiff's mortgagors, offered by him. These advertisements were competent evidence, as tending to establish the public character of the house in which the mortgaged goods were used.

The defendant's answer is not, as urged by respondent, in the nature of a cross bill. The substantive matters of defense therein contained are but matters of confession and avoidance, and every material allegation therein contained, under the sixty-fifth section of the Practice Act, is deemed controverted by his adversary.

And furthermore, independent of the questions as to the character of the house in which the furniture was used, and the actual possession of the furniture by plaintiff at the time of the taking by defendant, which taking is not denied by his answer, the evidence received in behalf of plaintiff was sufficient to entitle him to judgment, in the absence of any evidence tending to justify the taking.

Judgment and order reversed, and cause remanded.

Mr. Justice RHODES expressed no opinion.