[Civ. No. 3998. Second Appellate District, Division One.—August 8, 1924.]

## FAY FRUIT COMPANY (a Corporation), Appellant, v. J. D. RYAN et al., Respondents.

[1] CONTRACTS — HYPOTHECATION OF ORANGE CROP — LIABILITY FOR STOLEN FRUIT—NEGLIGENCE.—Where the owner of an orange grove on which there is a crop of oranges nearing maturity secures a loan from a fruit company on the security of such crop and places the crop in the hands of the fruit company to take charge of and market for his account, and a portion of such crop is taken or stolen by persons unknown, and such taking

is not the result of any negligence of the fruit company, the latter is not responsible for the disappearance of such fruit.

[2] ID.—INTRODUCTION OF BUYERS INTO GROVE—LIABILITY FOR FRUIT TAKEN.—Where certain persons whom the fruit company had introduced into the orange grove, and who had been permitted by the fruit company to pick there, after receiving and paying for the oranges delivered to them by the representatives of the fruit company, went back and took more fruit from the grove without the knowledge of the fruit company or its employees, it was the duty of the fruit company to account to the owner for all fruit received and taken away by said persons.

[3] ID.—STOLEN FRUIT—LIABILITY OF BAILEE—BURDEN OF PROOF.—In order to excuse the fruit company from responsibility for any part of the fruit taken by said persons, whom it had introduced into the grove, the burden was upon the fruit company to prove that by an entirely separate and distinct act, and without any fault on its part, said persons at a subsequent time secretly went back to the grove and stole the fruit subsequently taken by them, and the burden was not thrown upon the owner to prove that the fruit so taken was not stolen fruit.

(1) 31 Cyc., p. 827.   (2) 31 Cyc., p. 827.   (3) 31 Cyc., p. 828.

APPEAL from a judgment of the Superior Court of Riverside County. G. R. Freeman, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry O. Wackerbarth, Henry E. Carter, Joseph A. Adair and Kenneth H. Burns for Appellant.

Edward M. Selby for Respondents.

CONREY, P. J.—In December, 1918, the defendants were the owners of an orange grove in Riverside County on which there was a crop of oranges then nearing maturity. On December 10, 1918, the plaintiff loaned to the defendants on the security of said citrus fruit crop the sum of $600, and defendants placed said crop in the hands of the plaintiff "to market for my account and risk on its regular terms. . . . Should the net proceeds of my said crop not be sufficient to cover said indebtedness, I hereby agree to pay the Fay Fruit Company on demand any balance due it."

The quotations are from a memorandum at that time signed by the defendants and delivered to the plaintiff. In this action the plaintiff sued on that agreement. Plaintiff alleged that it took charge of said citrus fruit crop and marketed a part thereof, and received therefor only certain sums, which in the aggregate amounted to $153.95. Plaintiff demanded judgment for said sum of $600, with the accrued interest, less the said sums credited, and interest thereon from the date of receipt of said sums until the date of judgment herein.

The defendants in their answer alleged that in addition to the sums received by the plaintiff as stated in the complaint, the plaintiff picked from said crop and received therefor other sums sufficient to pay the entire amount of principal and interest of said loan, together with an additional amount for which defendants demanded judgment in their favor. The court having rendered judgment in favor of the plaintiff in the sum of only $40.23, the plaintiff appeals from the judgment.

The judgment as entered is justified by the evidence unless the defendants are entitled to a certain credit of $450, which was allowed by the court, but which, according to the contentions of the plaintiff, is not chargeable to it. It will be necessary to review the evidence concerning said item.

In the orchard there were about sixty-three rows of trees, numbered consecutively "from the bottom up." The orchard was on sloping ground. Some time after December 10th the fruit on the lower part of the orchard, including about a dozen rows, was frozen. The upper part of the crop, although affected to some extent by frost, was not classed as frozen fruit. The plaintiff's manager notified Mr. Ryan that part of the fruit was frozen, and by mutual consent of the parties, the plaintiff made sales of this fruit as frozen. This included only the oranges in the lower part of the grove. The purchasers were the two brothers Graffia. The plaintiff accounted to the defendant for certain receipts of money which it claims represent all of the boxes which it picked and sold to the Graffias. The credit of $450 allowed by the court is for other fruit taken from the upper part of the orchard, which the court found was also received by the Graffias, but which the plaintiff claims that it did not sell or deliver to them, and for which the plaintiff has refused to

allow any credit to the defendants. It is contended by the plaintiff that the evidence is insufficient to show that said fruit was received by the Graffias or by any other person through the plaintiff, or with the consent of the plaintiff. [1] Plaintiff contends that this being so, plaintiff is not responsible for the disappearance of said fruit from the orchard, it having been taken or stolen by persons unknown, such taking not being the result of any negligence of the plaintiff. This is the rule governing a bailee for hire, as set forth in *Perera* v. *Panama Pacific etc. Co.,* 179 Cal. 63 [175 Pac. 454]. Respondents, on the other hand, contend that the plaintiff caused the fruit in question to be picked and allowed it to be received by the Graffia brothers; and that if the plaintiff failed to keep account of the amount picked or failed to collect therefor, it should nevertheless be responsible to the defendants for the reasonable value thereof.

According to the testimony of Jack Graffia, all of the fruit which they received was picked by employees of the plaintiff, and then was by the Graffias loaded into a Kissel car and trailer in which the Graffias took the fruit away. He testified that he only took away frozen fruit, and that his brother was with him on each occasion when he took the fruit away. But there is other evidence tending to prove that at least a part of the fruit received and paid for by the Graffias was picked by them. The witness Gobruegge, an inspector for the plaintiff, testified that he saw the car and trailer while the Graffias were there and saw them picking on the lower ten rows. He did not see them picking in the upper part of the grove. The witness Otis, local agent of the plaintiff at Riverside, in a letter to the defendants, stated that plaintiff's employer, Mr. Abbott, found that the Graffias were picking in the upper part of the orchard, but had stopped them, and picked for them or had two boys from Mr. Maxwell's pick from the bottom of the grove certain boxes of oranges. These latter were the boxes for which the plaintiff accounted. One of the Maxwell boys testified that he picked a considerable amount of fruit from that part of the grove where the oranges were not frozen, and that this fruit was taken away by some Italians, who hauled the fruit away in a Kissel car with a trailer. [2] From the evidence it reasonably might have been inferred that the Graffia brothers, after they had received and paid for the oranges delivered

to them by the plaintiff's representatives, went back and took fruit from the upper part of the orchard without knowledge of the plaintiff or its employees. Nevertheless the evidence is sufficient to warrant the court in determining that the Graffias were introduced into the orchard by the plaintiff and were permitted to pick fruit there. This being so, it was the duty of the plaintiff to account for all fruit received and taken away by those parties. **[3]** In order to excuse the plaintiff from responsibility for any part of the fruit taken by the Graffias, even under the doctrine of the Perera case, *supra*, the burden was upon the plaintiff to prove that by an entirely separate and distinct act and without fault of the plaintiff, the Graffias at a subsequent time secretly went back to the orchard and stole the fruit so taken. Under the circumstances shown, the burden was not thrown upon the defendants to prove that the fruit so taken was not stolen fruit. We think, therefore, that the evidence was legally sufficient to establish the liability of the plaintiff for the value of that part of the crop taken away and for which it did not account. There is evidence reasonably tending to establish the amount of fruit thus taken and the value thereof as found by the court

The judgment is affirmed.

Houser, J., and Curtis, J., concurred.