[Civ. No. 4542.   Second Appellate District, Division Two.—August 22, 1927.]

MARY AYER GODFREY, Plaintiff and Appellant, v. BERTIE H. GODFREY, Defendant and Appellant.

Leo V. Youngworth and Harry J. McClean for Plaintiff and Appellant.

Joseph Scott, Anderson & Anderson, Wm. M. Morse, Jr., and A. G. Ritter for Defendant and Appellant.

CRAIG, J.—The pleadings and the evidence in this case show that the plaintiff had an adopted son named John Phillips Godfrey and that he and the defendant in this action intermarried on or about February 3, 1922; that the plaintiff then resided at her home on Western Avenue, in the city of Los Angeles; that shortly after their marriage John Phillips Godfrey and his wife removed from a hotel to a residence which they had established at Beverly Hills, in Los Angeles County; that the furniture and furnishings, which were the property of the plaintiff, were placed in the Beverly Hills home of the plaintiff's adopted son and his wife; that Godfrey and wife thereafter purchased additional furniture from various merchants in the city of Los Angeles,

with whom accounts were opened by Godfrey and for a large portion of which purchases the plaintiff was compelled to pay. On June 17, 1922, the plaintiff brought this action in claim and delivery, alleging ownership of all the furniture and furnishings, that the defendant claimed to be the owner thereof, that prior to said last-mentioned date John Phillips Godfrey, acting as the agent for plaintiff, demanded possession of said personal property, and praying judgment that it be "redelivered" to the plaintiff, or that she have damages in the sum of ten thousand dollars. The defendant answered, denying each of the material allegations of the complaint, and the case was tried before the superior court without a jury, whereupon the plaintiff was awarded judgment for possession of the property which had been removed from the Western Avenue residence, and denied judgment for the furniture and furnishings which were purchased by the defendant and her husband as above mentioned, from which judgment each of the parties appealed.

Plaintiff contends that the evidence is insufficient to sustain the judgment rendered against her, but we think this claim is untenable, since there were several witnesses who testified for each of the parties, and the evidence is sharply conflicting. ■ There is no dispute of the fact that the Western Avenue furniture was the property of the plaintiff, but the defendant insisted at the trial, and argued upon appeal, that it was given to her. The defendant and her minor daughter, of the age of about eleven years, testified that the plaintiff stated to them and at various times in their presence that she had made them a present of her furniture in view of the fact that she expected to make her home with her adopted son and the defendant. The plaintiff emphatically denied that such conversation had ever occurred; that she had had much of the furniture for many years, some of which consisted of heirlooms, and that she did not intend to, and in fact had said that she would not, part with title to the property, but merely loaned it to the younger people for their temporary use. It was admitted that the plaintiff did not execute or deliver to the defendant a bill of sale to the furniture. Upon the record thus presented the trial court may well have believed that title did not pass to the defendant to the property of her mother-in-law, and where a judgment is rendered upon conflicting evidence it will not

be disturbed upon appeal if supported by substantial evidence.

It is next argued by the defendant that the judgment should be reversed for the reason that there was no evidence that demand had been made by the plaintiff, previously to the commencement of this action, for the property removed from the Western Avenue house, and that the trial court failed to find that a demand was made, though alleged in the complaint. *Burke* v. *Maguire*, 154 Cal. 456 [98 Pac. 21], is cited in this connection, but it is obvious from the defendant's own quotation therefrom that the case is not here in point, since it holds that "one lawfully in possession of property which he *does not claim* and which he has not converted to his own use, but is holding for the rightful owner with the intent to deliver it to him on demand" is entitled to a demand, as a prerequisite to the maintenance of a claim and delivery action for such property. The defendant in this suit denied the plaintiff's title, and insisted throughout her testimony that she was the owner of the property in question. The only other authority upon which the defendant attempts to rely is *Davenport* v. *Alexander*, 53 Cal. App. 688 [200 Pac. 771], which, although holding that demand was necessary in that case, plainly indicated that the property in controversy had been sold under a conditional sale contract, and that the plaintiff was not entitled to possession. It is settled law in this state that where, as here, property is in the lawful possession of one claiming to be the owner, a demand would be unavailing, and hence need not be pleaded or proved, and that under such circumstances the defendant will not be heard to object that no demand was made. (*San Diego Construction Co.* v. *Mannix*, 175 Cal. 548 [166 Pac. 325].) We think the trial court was justified in finding that this furniture belonged to the plaintiff, and its failure to find upon the question of demand was not error.

The plaintiff does not claim to have purchased the other furniture which was placed in the Beverly Hills residence of the defendant, but she contends that it was purchased with her authority. This, however, was contradicted by the defendant's evidence, which tended to show that the latter and her husband, at times individually and at other times together, made the purchases upon the account of

Godfrey; that his mother was not present, but later guaranteed to the merchants that Godfrey would pay the bills; that when asked if the charges should be entered upon the plaintiff's account, Godfrey replied: "No, this is for my own home and I want it on my separate account." The defendant also testified that she paid some of the bills with her own money, and in some instances turned in other furniture for credit upon the accounts. True, the plaintiff was thereafter compelled to make good her guaranty, and to pay balances due the merchants, and on at least one occasion Godfrey caused a bill of sale to be executed in the name of the plaintiff. This action was instituted, however, for the purpose of attempting to acquire possession of the furniture, and the trial court found upon an abundance of conflicting evidence, much of which tended to support the judgment, that the plaintiff was not entitled to possession, and had never been the owner of this portion of the property. We cannot, therefore, say, as a matter of law, that the court was in error in so finding, and such being true, the execution of a bill of sale by a third party, without the consent or knowledge of the defendant, would not constitute a valid transfer of title to the plaintiff or impair the title of the defendant, since she was not a party to the transaction.

A Mrs. Weller was permitted to testify to statements alleged to have been made by the defendant in the presence of her husband, but not in the presence of the plaintiff, which statements plaintiff's counsel moved to strike out. The court denied the motion upon the ground that the plaintiff by her pleadings and in her testimony averred that Godfrey was her agent in all of the transactions in question, and it is argued that such ruling constituted prejudicial error, requiring a reversal of the judgment. In this the plaintiff assumes the novel, and we think untenable, position of claiming Godfrey as her agent in all respects wherein it would serve her purpose to do so, and yet objecting to conversations between her alleged agent and the defendant in this action which do not tend to support her theory of the case.

There are no other points requiring discussion, and since we find no prejudicial error, the judgment is affirmed.

Works. P. J., and Thompson, J., concurred.