[Sac. No. 4305.   In Bank.—July 26, 1930.]

COMMERCIAL AND SAVINGS BANK OF STOCKTON, Respondent, v. M. ELMA NORDYKE FOSTER, Appellant.

A. H. Carpenter for Appellant.

Case & Forslund and Scott Rex for Respondent.

THE COURT.—This action in claim and delivery was brought by plaintiff bank to recover possession of certain registered dairy stock, described by name in the complaint, or its value in case possession cannot be had. After trial by the court, a jury having been waived, the plaintiff was awarded judgment as prayed for, and the defendant appeals therefrom upon a record prepared according to the alternative method.

The claim of plaintiff to the right of possession of the cattle arises out of a chattel mortgage, executed by defendant, the then owner of the cattle, to secure a promissory note in the sum of $1250. The plaintiff contends that the mortgage likewise secures a subsequent note of $600, under a clause to secure future advances found in the mortgage. The $1250 note and the mortgage were executed April 1, 1925, in San Joaquin County, California. The mortgage was recorded in that county April 2, 1926. The $1250 note was a three-month note at seven per cent interest, said interest being payable monthly and the note containing the usual acceleration clause in case of default. The mortgage contained a clause that in case of default the mortgagee "may take possession of said property, using all necessary force so to do." The $600 note was executed by appellant payable to respondent on April 3, 1925. The note was payable ninety days from date, interest at seven per cent, payable monthly, and likewise contained an acceleration clause upon default.

It is rather difficult to ascertain appellant's theory on this appeal. The trial judge was extremely liberal in admitting evidence that has nothing to do with the sole question presented in such a replevin action. Appellant objects to the judgment on many grounds, several of which have nothing to do with the questions involved in this action. Appel-

lant's main contentions on this appeal are as follows: 1. That in this action respondent cannot recover in the absence of a conversion by appellant, and a conversion was neither pleaded nor proved; 2. That the mortgage through which respondent claims is void, because, it is alleged, it was materially altered by the respondent bank after its execution by appellant; 3. That respondent's action must fail for the reason that no demand was made by respondent on appellant before bringing suit, and that the finding of the trial court to this effect is not supported by the evidence; 4. That the undertaking of the sureties for respondent was void for the reason that it did not comply with the statute, for several reasons; 5. That the appellant's right to rebond against the taking was cut off by a premature delivery of the cattle by the sheriff to the respondent, and by a sale of the cattle by respondent without sanction of law; and 6. That the sheriff unlawfully seized the stock in violation of appellant's lien for feed and pasture. These contentions will be considered in order.

With reference to the contention of appellant that the bank cannot recover in the absence of pleading and proof of a conversion, appellant is clearly in error. The sole and only point involved in this action was whether the bank had a right to the possession of the cattle, exclusive of any right in appellant, on the date of the commencement of this action. The object of a claim and delivery action is to enforce plaintiff's right to the present possession of the chattels against a defendant who detains them without right (5 Cal. Jur., p. 155, sec. 1). The action is strictly distinguishable from an action for conversion. A replevin action such as this lies for a recovery of the property itself, while a conversion action has for its purpose the recovery of damages for the alleged conversion. (*Richards* v. *Morey*, 133 Cal. 437 [65 Pac. 886]; *Riciotto* v. *Clement*, 94 Cal. 105 [29 Pac. 414]; *Kelly* v. *McKibben*, 54 Cal. 192; *General Motors Acceptance Corp.* v. *Dallas*, 198 Cal. 365 [245 Pac. 184].) To sustain the action the plaintiff must have the right to the immediate and exclusive possession of the property at the commencement of the action. It is not essential that the plaintiff should be the absolute owner, provided he is entitled to the immediate possession. All that need be pleaded is the ultimate fact of the right to possession—

the source of the asserted right need not be pleaded (*Commercial Credit Co.* v. *Peak,* 195 Cal. 27 [231 Pac. 340]).

■ The law is well settled in this state that a chattel mortgagee under a mortgage conferring a right of possession, upon default may, after default, recover possession of the mortgaged chattel in a replevin action (*Harper* v. *Gordon,* 128 Cal. 489 [61 Pac. 84]; *Flinn* v. *Ferry,* 127 Cal. 648 [60 Pac. 434]; *California Packing Corp.* v. *Stone,* 64 Cal. App. 488 [222 Pac. 193]; *Motor Investment Co.* v. *Breslauer,* 64 Cal. App. 230 [221 Pac. 700]; *Ely* v. *Williams,* 6 Cal. App. 455 [92 Pac. 393]). The nature and amount of proof required in an action brought by a mortgagee is well stated in *Motor Investment Co.* v. *Breslauer, supra,* at 64 Cal. App., page 239 top, as follows: "The ultimate issue or fact in such an action, as the name of the action plainly implies, involves the single question whether the plaintiff is entitled to the possession of the specific personal property or chattel concerned. In this case the plaintiff, to support its action, was required merely to show that it had the right to the possession of the truck, and to do this all it was compelled to do was to prove that England owed it a debt, that he had duly executed a mortgage on the truck in its favor to secure said debt and that it was stipulated in the mortgage that if he defaulted in the payment of the debt or any part thereof, the plaintiff would be entitled, upon such default, to take and hold possession of the truck and that he did default in such payment. These facts were shown by the mortgage itself, which was introduced in evidence, and by the testimony of the general manager of the plaintiff that default by England in the payment of the installment of the purchase price of the truck had occurred."

In the case at bar the notes and mortgage, when introduced in evidence, proved all the necessary facts specified above, with the exception that they did not prove the default. The default of appellant on both notes was proved by the testimony of the vice-president of respondent bank. This adequately disposes of appellant's first point.

■ Appellant next contends that the mortgage was void because materially altered by the respondent after its execution by appellant. There is no dispute over the fact that the $1250 note and mortgage were both prepared by the attorney for respondent, and the testimony of both parties

is to the effect that as prepared by the attorney the mortgage did not contain the clause that it was to cover future advances. Appellant contends that she signed the mortgage in the office of respondent's attorney, and that the clause in question was added by respondent later without her knowledge or consent. If this were so, it would be clear that the respondent bank forfeited all rights under the mortgage, because it is the well-settled law in this state that the material alteration of an instrument after its execution by one party without the consent of the other renders it utterly void and of no legal effect as far as the altering party is concerned (Civ. Code, sec. 1700; 1 Cal. Jur. 1073 et seq.). The testimony on behalf of respondent in this regard is not as clear as might be desired, but it is sufficient to create a conflict in the evidence which must be disregarded on this appeal. Respondent admits the clause in question was added by the bank and was typed by one of the bank's stenographers. The attorney who drew the mortgage testified that the clause in question was in the instrument before it was signed. He could not state whether appellant signed the mortgage at the bank or at his office after the clause was added, but he was positive that the clause was in the mortgage when it was signed. Moreover, the testimony of another bank official was to the effect that when appellant requested the second loan of $600, only two days later, she herself stated that the mortgage would cover the second advance, which indicates that she then had knowledge of the clause concerning future advances. This conflict on appeal must be determined in favor of respondent.

Appellant next contends that respondent failed to make demand upon her for the cattle before bringing this action. The facts with reference to this point are as follows: On April 23, 1926, long after both notes were due, a written notice was served upon appellant informing her that unless the notes were immediately paid in full, the bank would take possession of the mortgaged cattle under the power conferred in the mortgage and would sell the same under the mortgage. No response was received from appellant, and respondent thereupon caused a notice of foreclosure sale to be posted. A copy of this notice was served on appellant on April 27, 1926. The date for the sale was fixed in this notice for May 3, 1926. On this last-mentioned

date, just before the hour fixed for the sale, the auctioneer, constable, and several bank officials arrived at the premises where the cattle were kept. They found the gate which gave entrance to the property heavily barred with barbed wire, chains and a padlock, and two men disputing their right to enter. The guards were informed of the purpose of the presence of the auctioneer, constable, and bank officers, i. e., to hold the foreclosure sale, but they were refused admittance. Appellant's daughter testified that she then arrived on the scene and told the auctioneer, constable and others that she had been ordered to keep "anybody off the property at any cost." The men then returned to Stockton, and the bank immediately, without further demand or notice, brought this action to replevin the cattle.

The law is, of course, clear that where property has lawfully come into possession of a party, he cannot be sued for possession, unless a demand has been made upon him. It is probably true that the notice of default or notice of sale did not constitute the legal demand required as a condition precedent to the replevin action, but the evidence is without conflict that when the officers called to hold the foreclosure sale on May 3d, appellant absolutely refused to admit them, and thereby, of course, refused to deliver the cattle. These actions clearly indicated that a formal demand would be useless. It is well settled that where, under the circumstances, a demand would be useless, the necessity for same is dispensed with. (*Cerf* v. *Phillips*, 75 Cal. 185 [16 Pac. 778]; *Fong Sing* v. *O'Dell*, 50 Cal. App. 55 [194 Pac. 745].)

There is likewise another factor involved which we feel is equally decisive with reference to this point. Although appellant did not plead ownership in herself in her answer, the case was clearly tried on behalf of appellant on the theory that she had title and was entitled to possession, and that respondent's claim was based on a void mortgage. In *Godfrey* v. *Godfrey*, 85 Cal. App. 204, at 207 [259 Pac. 71, 73], the rule is stated at follows: "It is settled law in this state that where, as here, property is in the lawful possession of one claiming to be the owner, a demand would be unavailing, and hence need not be pleaded or proved, and that under such circumstances the defendant will not be heard to object that no demand was made

(*San Diego Const. Co.* v. *Mannix,* 175 Cal. 548 [166 Pac. 325])."

■ The next contention of appellant is without merit. The replevin undertaking as originally printed in the reporter's transcript was incorrectly transcribed by the reporter and appellant in good faith prepared his brief therefrom; later the transcript was returned to the county clerk by order of this court for corrections. As corrected the undertaking is in the words of the statute. However, it is admitted by the respondent that the affidavit of justification of the sureties is defective in that they did not therein take oath that they were freeholders or householders. Appellant, however, did not except to the sureties as provided in section 513 of the Code of Civil Procedure. It seems obvious to us that this defect cannot be reached in this action. The replevin action involves the sole question as to plaintiff's *right to possession* of the chattels claimed. The above defect might well be material in an action against the sheriff or against the replevin or against plaintiff for wrongful taking, but it has no materiality in the replevin action.

■ Appellant next contends that the sheriff acted irregularly in seizing the cattle and turning them over to respondent, so that appellant's right to rebond against the taking was cut off. The evidence seems clear that the sheriff seized part of the cattle on May 4th, and the remainder on May 14th. On May 15th, the cattle were turned over to respondent, who immediately sold them. The sheriff probably acted irregularly, but with his sins of omission or commission we are not interested in this action. The sheriff himself may be liable for his irregular acts. Certainly the respondent is not liable in this replevin action, if at all, for the wrongful acts of the sheriff.

■ The next contention of appellant is equally without merit. Appellant contends that the sheriff wrongfully seized the cattle in violation of appellant's lien for feed and pasture. This contention is based on the following facts: The sheriff took possession of part of the cattle on May 4th, and left a keeper in charge. The cattle were left, however, on appellant's property and during the period from May 4th to May 14th appellant furnished feed and pasture for same. On the 14th appellant demanded that before the cat-

84

tle be taken from her property she be reimbursed for the feed and pasture furnished them. The sheriff refused and took the cattle. The above facts would be material in another type of action, but we cannot see how the court could, in this action, adjudicate a dispute between appellant and the sheriff over feed consumed by the cattle while they were in his official custody.

With reference to the last three points raised by appellant, it should be noted that there are several other actions pending, growing out of the above transactions, namely, an action by appellant against the sheriff for conversion, and an action against respondent by appellant, and these points will be or have been disposed of in those actions.

For the foregoing reasons the judgment appealed from is affirmed.