[Civ. No. 8604. Second Appellate District, Division Two.—October 9, 1934.]

J. A. SMITH, Appellant, v. PAUL N. WILSON et al., Defendants; SMITH and GRAHAM, Respondents.

Hyams & Himrod and Mark A. Hall for Appellant.

Raphael Dechter for Respondents.

SCOTT, J., *pro tem.*—Plaintiff sued to recover certain personal property and obtained judgment for its possession subject to a ''lien'' in favor of Smith and Graham. After the judgment became final the latter obtained from the court (1) an ''order to enforce judgment'' and (2) an order directing the issuance of a writ of execution to levy upon and sell said property to satisfy the lien. From these orders made after judgment plaintiff appeals.

The court found that the personal property before the commencement of the action was located in an oil well and at no time was affixed to the realty; that at no time did the owner of the realty or the personal property engage Smith and Graham to furnish any labor or materials, but that defendant Wilson without the knowledge or consent of plaintiff had requested them to do so, and they had furnished labor and materials of value of $1270; that plaintiff had not requested nor consented to their furnishing such labor or materials, and Smith and Graham did not at any time give plaintiff any notice of the performance of said labor or furnishing of said materials. As a conclusion of law the court stated: ''From the foregoing findings of fact the court concludes that the plaintiff is entitled to a judgment against the defendants, and each of them, for the recovery of the possession of the goods and chattels described in the complaint, subject to a lien in favor of the defendants Smith and Graham, a copartnership composed of W. L. Smith and W. H. Graham, for labor performed and materials furnished, in the principal sum of $1,270.00 and that plaintiff is entitled to a judgment for his costs incurred herein.'' Judgment was thereupon rendered: ''Wherefore, by reason of the law and the findings aforesaid, it is ordered, adjudged and decreed that the plaintiff do have and recover of and from the defendants Paul N. Wilson and Smith and Graham, a copartnership composed of W. L. Smith and W. H. Gra-

ham, the possession of the property described in the complaint . . . (describing it) subject to a lien for labor performed and materials in the sum of $1270 in favor of Smith and Graham, a copartnership. . . . It is further ordered, adjudged and decreed that the plaintiff do have and recover his costs of suit herein, taxed in the sum of $50.85.''

The orders from which plaintiff appeals are as follows: (1) Minute order of June 10, 1932: ''Come now the parties by their respective counsel, Hyams & Himrod and Mark A. Hall appearing for plaintiff, and R. Dechter for the defendants, and defendants move the court to enforce judgment. After argument by counsel, said motion is by the court granted.'' (2) Written order of June 14: '' . . . it appearing to the court that the above action was instituted by the plaintiff for the possession of certain personal property which at the time of the commencement of this action was in the possession of the defendants Smith and Graham under a claim of lien for services rendered by said defendants Smith and Graham in the extraction and removal of said personal property from an oil well and in the transportation and storage thereof in the sum of $1270.00. And it further appearing to the court herein that judgment was rendered that plaintiff was entitled to possession of said property as to the defendant Paul N. Wilson and that the defendants Smith and Graham did have a lien as set forth in their answer in the sum of $1270.00; and it further appearing to the court that the judgment as drawn herein made no provision for the enforcement of said lien of said defendants Smith and Graham in the sum of $1270.00 on said personal property, and it further appearing to the court that said lien so found to be had by said defendants Smith and Graham has not been discharged or paid by the plaintiff herein, and it further appearing to the court that this is a proper case for the court to exercise its inherent power to enforce its judgments: Now, therefore, it is ordered that a writ of execution issue to the sheriff of this county, authorizing the sheriff of this county under and by virtue of said writ of execution to levy upon the personal property in the judgment herein described and to sell the same for the purpose of satisfying said lien of the defendants Smith and Graham in the sum of $1270.00, together with interest at the rate of 7% per annum from the date of the judg-

ment herein, and that if any surplus remains after said sale in the manner provided by law for such execution sales, that such surplus be paid to the plaintiff herein.''

■ The judgment was in favor of plaintiff in a replevin action, in which only the right of possession is involved (*Riverside etc. Co.* v. *Taft,* 192 Cal. 643 [221 Pac. 357]), and the declaration as to the lien asserted, if viewed in the light most favorable to respondents, might be construed as referring to the latters' *claim* of lien, in order that they might not thereafter be precluded from seeking to enforce their lien in an appropriate action. The reasons for such a recital in the judgment are not clear, since it is not a mechanic's lien. The court's findings would seem to negative the idea that it might have been a lien under Civil Code, section 3051, and the language used shows that the court by its judgment was not enforcing respondents' equitable lien for such labor and materials.

The orders made after judgment were in derogation of the judgment and in excess of the court's powers. Their effect would be to negative and render void and meaningless the judgment theretofore rendered. ■ It is settled law that ''the execution must be warranted by the judgment. It rests upon and must follow the judgment; if it exceeds the judgment it has no validity.'' (*Davis* v. *Robinson,* 10 Cal. 411.) ■ A writ of execution is issued for the enforcement of a judgment (Code Civ. Proc., sec. 681), and since the judgment was in favor of appellant, respondents were not entitled to the issuance of such a writ. ■ The inherent powers of the court do not include the issuance of a writ of execution contrary to the express language of the judgment.

Orders appealed from reversed.

Stephens, P. J., and Desmond, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 5, 1934, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 28, 1934.